E-FILED
Monday, 23 October, 2017 02:35:56 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL PERRY, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-3185 |
| JOHN BALDWIN, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff filed this case pro se from his incarceration in the Lincoln Correctional Center. He has since been released, but the Court is still required to review the Complaint pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he was denied and delayed his prescription for Gabapentin, which had been prescribed to Plaintiff outside the IDOC to treat Plaintiff's severe pain from degenerative disc disease and arthritis. Without the prescription, Plaintiff suffered "severe needle-like stabbing pain" and "severe pain from his neck down to his leg on the right side of the body." (Compl. pp. 7-8.)

These allegations state a plausible Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs. However, only the medical professionals with the authority to prescribe or approve that medicine could bear personally responsibility for the delay or denial. The fact that Plaintiff told all 25 Defendants about the problem does not allow an inference that all 25 Defendants were personally responsible for the delay or denial. The non-medical Defendants are entitled to rely on the professional judgment of the treating doctors and nurses, and

denying a grievance is not enough to confer liability.  Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . .").  Similarly, Plaintiff's allegations that he told nurses about the problem during medicine line does not allow a plausible inference that those nurses had the ability to override the doctor's decision or speed up the approval process.

On Plaintiff's current allegations, Plaintiff states a plausible Eighth Amendment claim against Plaintiff's treating doctors (Dr. Elazegui and Dr. Kotteman), the sick call nurses (Jane Doe #23 and Nurse Batterton), the health care administrator (Lisa Hopp), and

Wexford Health Sources, Inc. The other Defendants will be dismissed without prejudice to amendment.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against the following Defendants: Dr. Elazegui, Dr. Kotteman, Jane Doe #23, Nurse Batterton, Lisa Hopp, and Wexford Health Sources, Inc. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an

answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement, if Plaintiff is confined at the

time of his deposition. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The following Defendants are dismissed without prejudice: John Baldwin, Kess Roberson, Nurse Hawkins, Nurse Wilson, Nurse Rose, Nurse Jennings, Nurse Holly, Nurse Rhonda Karr, Nurse Lacy, Nurse Brooke Hopps, Nurse Mary Chris**

Dawson, Nurse Alexander, Counselor Lile, Grievance Officer Tiffanie Clark, CAO Doe, and Nurse Does #21, 22, 24, and 25.

12) **The clerk is directed to terminate the Defendants listed in paragraph 11.**

13) **The clerk is directed to attempt service on Defendants Dr. Elazegui, Dr. Kotteman, Nurse Tina Batterton, Health Care Unit Administrator Lisa Hopp, and Wexford Health Sources, Inc., pursuant to the standard procedures. The clerk is unable to serve Defendant #23 without at least a last name.**

14) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: 10/23/2017

FOR THE COURT: United States District Court for the CD/IL.

                          **s/Sue E. Myerscough**
                            SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE